IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00780-GPG

ANTHONY LOLIN JIMENEZ, SR. (Sui Juris),

    Plaintiff,

v.

FOURTH JUDICIAL DISTRICT ATTORNEY'S OFFICE,
DAN MAY (Administrative/Individual), d/b/a Dan May (District Attorney, Official Capacity),
JEANNIE SMITH (Administrative/Individual), d/b/a Jeannie Smith (Former District
    Attorney), and
EDWARD SAMUEL COLT (Administrative/Individual), d/b/a Edward Samuel Colt (16304)
    (District Court Judge, Official),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Anthony Lolin Jimenez, Sr., is a prisoner in the custody of the Colorado Department of Corrections. Mr. Jimenez has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Jimenez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Jimenez will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Complaint is deficient because Mr. Jimenez fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Jimenez apparently intends to assert a federal claim or claims premised on one or more violations of the United States Constitution and he also invokes supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, he fails to provide a short and plain statement of any claims, constitutional or otherwise, that demonstrate he is entitled to relief. Instead, he makes nonsensical allegations attempting to link a marketable security to his criminal conviction in Colorado state court and he

> requests that this Honorable Court Grant and issue a show cause Order to the above mentioned Defendants to appear and reveal their interests in security CUSIP 316345602 as it relates to criminal case D0602000CR000178. Further to appear and show cause why all judgments, liens, obligations, certificates, securities (or bonds) associated to the origins of CUSIP 316345602 (as it relates to criminal action D0602000CR000178) shall not be voided and deemed

> frivolous and/or spurious according to Colorado Rules of Civil Procedure 105.1 through Supplemental Jurisdiction, or authorize the Plaintiff the right of action against the responsible party(s) for recovery of damages under 29 U.S.C.A. § 216(b).

(ECF No. 1 at 5.) Despite his reference to a provision of the Fair Labor Standards Act, there is no indication in the Complaint that Mr. Jimenez is asserting, or properly could assert, any claim pursuant to that federal law.

In order to state a cognizable claim in federal court, Mr. Jimenez must identify, clearly and concisely, the specific claims he is asserting, the specific factual allegations that support each claim, and what each Defendant did or failed to do that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Neither the court nor the Defendants are required to guess in order to determine what claims are being asserted and what specific factual allegations support each asserted claim.

For these reasons, Mr. Jimenez must file an amended pleading if he wishes to

pursue any claims in this action.    Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."    Therefore, Mr. Jimenez will be directed to file his amended pleading on the court-approved Prisoner Complaint form.    Accordingly, it is

ORDERED that Mr. Jimenez file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.    It is

FURTHER ORDERED that Mr. Jimenez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.    It is

FURTHER ORDERED that, if Mr. Jimenez fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 6, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge